**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

JILIANG QIU,                                )
                                            )
                    Petitioner,             )
                                            )
v.                                          )          Case No. CIV-26-326-J
                                            )
MARKWAYNE MULLIN, et al.,                   )
                                            )
                    Respondents.            )

## ORDER

Petitioner Jiliang Qiu, a citizen of China, is currently in the custody of Immigration and

Customs Enforcement (ICE).  He has filed a Petition for Writ of Habeas Corpus pursuant to 28

U.S.C. § 2241 (Petition) seeking release, or in the alternative, a bond hearing.  The matter was

referred to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B),

(C).  Judge Erwin issued a Report and Recommendation [Doc. No. 10] recommending that the

Court grant the Petition in part and order Respondents to provide Petitioner with a bond hearing

under 8 U.S.C. § 1226(a) within five business days or otherwise release him if he has not received

a lawful bond hearing within that period.  Respondents filed a timely objection [Doc. No. 11], and

Petitioner filed a partial objection to the Report and Recommendation and a reply to Respondents'

objections [Doc. No. 12], triggering de novo review.  *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803,

808 (10th Cir. 2023).

Petitioner entered the United States "over a decade" ago.[1]  On or about February 13, 2026,

ICE officials placed Petitioner into removal proceedings before the Immigration Court pursuant to

8 U.S.C. § 1229a through a Notice to Appear and charged him with being inadmissible as an alien

---

[1] Neither party has specified exactly when or under what circumstances Petitioner entered the
United States.

present in the United States who had not been admitted or paroled.  Petitioner is currently in ICE custody and is detained at the Cimmaron Correctional Facility.

Respondents object to Judge Erwin's conclusion that § 1226(a) controls Petitioner's detention.  Respondents insist that § 1225(b)(2)(A) controls because Petitioner is an applicant for admission and that section unambiguously requires all applicants for admission to be subject to mandatory detention.  *See* Obj. at 3-15.  Although employing a de novo review, the Court declines to engage in lengthy analysis here.[2]  This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation.  *See Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases). Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Petitioner has not received a bond hearing, and Respondents raise no objection challenging their obligation to provide bond hearings for noncitizens under § 1226(a).  Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates § 1226(a) of the Immigration and Nationality Act (INA).

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 10] on de novo review and GRANTS Petitioner's Petition in so far as it finds Respondents violated the INA. The Court, therefore, ORDERS Respondents to provide Petitioner with a bond hearing pursuant

---

[2] "[N]either 28 U.S.C. § 636(b)(1) nor Fed. R. Civ. P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a de novo review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000).  Indeed, the circuit court has upheld district court orders which "merely repeated the language of § 636(b)(1) to indicate its [de novo] compliance." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) ("[I]t is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.").

to 8 U.S.C. § 1226(a) within five (5) business days of the date of this Order, or otherwise release Petitioner if he has not received the hearing within that period.  Respondents shall certify compliance within seven (7) business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 15th day of April, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE